FIRST NATIONAL BANK OF ST. JOHNSBURY *v.* PORTLAND & OGDENSBURG RAILROAD COMPANY and others.

*(Circuit Court, D. Vermont.* May, 1880.)

CORPORATION—INDORSEMENT— CONDITION — WAIVER.—A breach of the condition does not relieve a corporation from liability upon a conditional indorsement, where performance of such condition has been duly waived.

GARNISHMENT— TRUSTEE— RECEIVER.— The earnings of a railroad are attachable in the hands of a trustee, although they came into his possession as the receiver of a connecting railroad.

*Luke P. Poland,* for plaintiff.

*Daniel Roberts,* for defendants.

WHEELER, D. J. This cause has been tried by the court upon the written waiver of a jury trial, and been heard as to

the liability of the trustees upon their disclosure. The defendant, by its treasurer, became indorser upon two notes made by other railroad companies, forming a connecting and continuous line with the defendant's road, for the purpose of raising money for those companies to enable them to complete a small portion of the line, and to carry out a consolidation arrangement between them. The defendant is a corporation of the state of Maine, and the incurring such liability is brought directly within the scope of its corporate powers by chapter 591 of the acts of the legislature of that state for 1868, and an amendment thereto passed in 1875. The directors of the defendant voted that the treasurer should be authorized to indorse such notes, provided that Horace Fairbanks should agree that the portion of the line to be built should be completed before the first note should fall due, and to save the defendant harmless if it was not so completed. Severe sickness of Fairbanks stood in the way of obtaining such agreement from him seasonably, and it was waived by the officers of the defendant on other assurances, and notes were indorsed by the treasurer and discounted by the plaintiff. The piece of road was completed before the first note fell due. The notes were not paid when due, and these two notes were afterwards made and indorsed in renewal of them. The plaintiff knew all the facts connected with the indorsements. By the provisions of the by-laws of the defendant the treasurer had not authority to indorse these notes without the approval of the directors; and it is contended, in behalf of the defendant, that as the directors only authorized the indorsement of these notes provided Fairbanks should give the guaranty, there was no authority, and the indorsements could not be binding without the guaranty. The principal question as to the liability of the defendant arises upon this claim.

The law of the defendant's existence did not require any such guaranty in order to create such liability. The directors were in no wise compelled to require it. They could require it or not, and if they did require it could waive it. It was waived, and must have been waived by them. The indorse-

ments made pursuant to the waiver were expected by all to be, and were, as binding as if the condition had not been varied, and this ought especially to be so as to the defendant, when the assurances accepted by its directors accomplished all that the guaranty sought was to insure.

A question is made about the chargeability of the trustees because they are receivers running a railroad connecting with the defendant's road, and the effects in their hands belonging to the defendant consist of money received by them as such receivers in the course of the operation of the roads in connection with each other for freights due the defendant collected by the trustees. It is argued that these funds can only be reached through the interposition of the court which appointed the receivers. These funds are not earned by the property of the receivership. They are the earnings of the defendant, and are attachable by this process, apparently. If there is anything about the position of the receivers with respect to the court which appointed them that requires any protection to be afforded in order to protect the rights of those for whom the receivers were appointed, that court must afford the protection. The receivers do not set up any claim that this debt cannot be holden by this process; neither do they show that any other person is such a claimant of the fund that he ought to be made a party to the proceedings to assert his right. For anything that appears the money is the property of the defendant in the hands of these persons, who are also receivers of other property, and because they are such receivers happen to be in position to receive this, not as a part of the trust property of which they are appointed to take charge, but because it was entrusted to them by the defendant. As such it is liable to this process by the statute of Vermont. The amount so received is, as appears by the disclosure, $2,865.26.

There must be judgment for the plaintiff for the amount of the note, which is $26,904.55, and the trustees are adjudged chargeable on the disclosure for the sum of $2,865.26, mentioned therein.